# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00867-SCT

*RALPH BROWN AND LORA BROWN*

*v.*

*DELTA REGIONAL MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/25/2007 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DANA J. SWAN |
| ATTORNEYS FOR APPELLEE: | L. CARL HAGWOOD |
| | CHRISTOPHER WAYNE WINTER |
| | JASON EDWARD DARE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 10/09/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT**:

¶1.     In this medical-negligence case, the plaintiff alleges he was injured by the negligence of several physicians, who were independent contractors of a state hospital. The question presented is whether the state hospital may be held vicariously liable for the torts of the doctors. Because the Mississippi Tort Claims Act ("MTCA") provides immunity to the state and its political subdivisions for the acts of independent contractors, we affirm the trial court's grant of summary judgment to Delta Regional Medical Center.

**BACKGROUND FACTS AND PROCEEDINGS**

¶2.     On January 8, 2003, Ralph Brown reported to the emergency room at Delta Regional Medical Center ("DRMC"), complaining of sickle-cell crisis and priapism. Brown initially was treated by Dr. Marilyn McLeod. Dr. Robert Corkern took over treatment after Dr. McLeod's shift ended. Both doctors provided their services to DRMC through an "Emergency Medical Services Agreement" with Greenville Emergency Physicians, P.A.

¶3.     Brown was sent home on the afternoon of January 8 with pain medication. He returned to DRMC on January 9, reporting persistent, unrelieved pain. Dr. Michael Last admitted Brown to the hospital and treated him, along with Dr. Robert Curry. Brown's condition did not improve, and he requested a transfer to St. Dominic's Hospital in Jackson on January 10, where he underwent corporal evacuation and irrigation and a shunt procedure the next day. He subsequently was transferred to University Medical Center on January 12, where he remained until he was released on January 23.

¶4.     The Browns filed suit against DRMC, Drs. McLeod, Last, and Curry, and John Does 1-5 on December 12, 2003, claiming that their negligent diagnosis and treatment caused him permanent physical damage.[1] Drs. Last and Curry subsequently were dismissed from the action, and Dr. McLeod was granted summary judgment. DRMC moved for summary judgment, claiming it was not liable for the negligence of its independent contractors under the MTCA.

_____

[1]Dr. Corkern is not a party to this action, but the plaintiffs' expert offered an opinion as to his negligence only. Thus, the discussion of DRMC's liability is based upon Dr. Corkern's actions, and not those of the other named physicians.

2

¶5.    In granting DRMC's motion, the trial court employed the analysis established in *Miller v. Meeks*, 762 So. 2d 302 (Miss. 2000), and found that Dr. Corkern was an independent contractor.   The trial judge held that, because the state's immunity for the actions of its independent contractors is not waived under the MTCA, DRMC was not liable for Dr. Corkern's alleged negligent actions.  The Browns timely perfected an appeal.

## ANALYSIS

¶6.    Summary judgment is appropriate where there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56(c). This Court reviews a trial court's grant of summary judgment *de novo*.  *Smith v. Clement*, 2008 Miss. LEXIS 160 (Miss. April 3, 2008) (citing *Croft v. Grand Casino Tunica, Inc.*, 910 So. 2d 66, 72 (Miss. 2005)).  In evaluating a grant of summary judgment, this Court views all evidentiary matters, including admissions in pleadings, answers to interrogatories, depositions, admissions, and affidavits.  *Glover v. Jackson State University*, 968 So. 2d 1267, 1275 (Miss. 2007) (citing Miss. R. Civ. P. 56(c)).

¶7.    On appeal, the Browns do not argue that the trial court erred in its determination that Dr. Corkern was an independent contractor of DRMC.  Rather, they cite *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985), for the proposition that – despite his legal status as an independent contractor – he should be *treated* as an employee for liability purposes.

¶8.    The Mississippi Tort Claims Act codifies the doctrine of sovereign immunity and shields the state and its political subdivisions from liability for certain acts and omissions:

> The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions," as such terms are defined in Section

3

11-46-1, are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract. . . .

Miss. Code Ann. § 11-46-3 (Rev. 2002). However, that immunity is expressly waived for torts committed by state employees in the scope of their employment:

Notwithstanding the immunity granted in Section 11-46-3, or the provisions of any other law to the contrary, the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their *employees* while acting within the course and scope of their employment is hereby waived. . . .

Miss. Code Ann. § 11-46-5 (Rev. 2002) (emphasis added). Thus, the MTCA gives plaintiffs permission to sue the state and its political subdivisions for the tortious acts of its employees committed within the course and scope of their employment.

¶9. Specifically excluded by name from the definition of "employees," however, are independent contractors:

"Employee" means any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation. *The term "employee" shall not mean a person or other legal entity while acting in the capacity of an independent contractor* under contract to the state or a political subdivision. . . .

Miss. Code Ann. § 11-46-1(f) (Rev. 2002) (emphasis added). Thus, while the state may be sued for the tortious acts of its employees, it may not be sued for the tortious acts of its independent contractors. Therefore, under the clear, unambiguous language of the MTCA, DRMC cannot be held liable for Dr. Corkern's actions.

4

¶10. We find unpersuasive the Browns' argument that DRMC may nevertheless be held liable under a theory of respondeat superior. They cite the following portion of *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985), to support their proposition:

> Where a hospital holds itself out to the public as providing a given service, in this instance, emergency services, and where the hospital enters into a contractual arrangement with one or more physicians to direct and provide the service, and where the patient engages the services of the hospital without regard to the identity of a particular physician and where as a matter of fact the patient is relying upon the hospital to deliver the desired health care and treatment, the doctrine of respondeat superior applies and the hospital is vicariously liable for damages proximately resulting from the neglect, if any, of such physicians.

*Id.* at 371. However, because *Hardy* was decided before the MTCA was enacted, it has no application here. The Browns also cite *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000). *Gatlin,* however, was not brought under the MTCA, as the defendant in that case was a private hospital.

## CONCLUSION

¶11. The clear language of the MTCA provides immunity to the state and its political subdivisions, such as DRMC, for the negligence of its independent contractors. We therefore affirm the summary judgment granted to DRMC by the Washington County Circuit Court.

¶12. **AFFIRMED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. LAMAR, J., NOT PARTICIPATING**.

5