BARNES, J., for the Court:
 

 ¶ 1. On May 16, 2007, Jeffrey B. Hodges Jr. (Hodges) died when his vehicle crashed into a box culvert at a construction site on Attala County Road 3122 in Attala County, Mississippi. His survivors, Jeffrey B. Hodges, Avis H. Hodges, and Brittanie H. Burrell (hereafter “the Survivors”) filed a complaint contending that warning signs/barriers were missing and that Aus-bern Construction Company, Inc. (Aus-bern) and Attala County (also referred to
 
 *625
 
 as “the County”) were liable for failure to warn or protect against a known dangerous condition. The circuit court granted summary judgment for Attala County, finding that the independent-contractor defense effectively negated any issue of legal duty as to the Survivors’ allegations against Attala County. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶2. On April 27, 2006, Attala County and Ausbern entered into a construction contract for State Aid Project No. SAP-04(53), which indicated that the parties would work as principal and independent contractor, respectively. A “Supplement to Traffic Control Plan” (Supplement) was incorporated by reference into the contract and referenced the duties of the County’s engineer, Christian Gardner. The relevant portion of the Supplement states:
 

 Christian Gardner is designated as the responsible person to insure the Contractor constructs, installs, and maintains the devices called for on the Traffic Control Plan. An inspection of the traffic control signs and devices shall be performed at periods not exceeding one week regardless of construction activity within the project, The Contractor will be required to immediately rectify any noted deficiencies.
 

 During the pendency of the contract, the County, under the direction of Gardner, conducted weekly inspections of the Traffic Control Devices and prepared weekly inspection reports. Under the “COMMENTS/ACTION RECOMMENDED” section of the inspection reports dated April 2, 12, 20, and 27, 2007, it was noted that the barricades were damaged and needed replacing. For the weeks of May 1, 7, and 15, 2007, the reports noted that barricades in the “APPROACH ZONE” and “WORK ZONE” of the construction site were “missing/damaged” and “improperly placed.” The May reports state that the contractor was notified of these deficiencies. Gardner also attested in an affidavit that, in each of these instances, Aus-bern was immediately notified and “took immediate corrective action in accordance with the Traffic Control Plan.”
 

 ¶ 3. Ray Strahan and W.W. Steen, local area residents, submitted affidavits that stated that for some time prior to May 16, 2007, the barricades at the construction site had been moved from the right side of the road to the left side of the road. Additionally, the father of the deceased, Jeffrey B. Hodges, observed in his affidavit that, on at least one occasion, the barricades at the construction site had been moved to the left side of the road. The Uniform Crash Report noted that the construction barrier in the eastbound lane was down, and this was the lane in which Hodges had been traveling immediately before the accident.
 

 ¶4. Following Hodges’s fatal accident, the Survivors filed a wrongful-death action against Attala County and Ausbern on March 17, 2008, seeking damages for failure to warn or to protect against a known dangerous condition on Attala County Road No. 3122. Attala County filed a motion for summary judgment on July 25, 2008, based on its defense under the independent-contractor rule and immunity from suit under Mississippi Code Annotated section 11-46-9 (Supp.2008). On February 6, 2009, the circuit court granted Attala County’s motion for summary judgment and entered its certification of final judgment on April 15, 2009. As Attala County owed no duty to Hodges, we find no error in the circuit court’s grant of summary judgment and affirm.
 

 
 *626
 
 Whether the circuit court erred in granting summary judgment based upon its finding that Attala County was immune from liability.
 

 ¶ 5. Mississippi Rule of Civil Procedure 56 governs motions for summary judgment. This Court reviews de novo a circuit court’s grant of a motion for summary judgment.
 
 Riley v. F.A. Richard and
 
 As
 
 socs., Inc.,
 
 16 So.3d 708, 715 (¶ 16) (Miss.Ct.App.2009) (citing
 
 Webb v. Braswell,
 
 930 So.2d 387, 395 (¶ 12) (Miss.2006)). In conducting our review, we examine all eviden-tiary matters, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. This evidence must be viewed “in the light most favorable to the non-moving party.”
 
 Id.
 
 “The movant carries the burden of demonstrating that no genuine issue of material fact exists[.]”
 
 Id.
 
 at 716 (¶ 17). “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.”
 
 Id.
 
 at 715 (¶ 16) (quoting
 
 Webb,
 
 930 So.2d at 395 (¶ 12)).
 

 ¶ 6. Ausbern was an independent contractor for Attala County, a fact that the Survivors do not contest. The Mississippi Supreme Court has defined an independent contractor as “a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other’s right to control with respect to his physical conduct in the performance of the undertaking.”
 
 Richardson v. APAC-Miss., Inc.,
 
 631 So.2d 143, 148 (Miss.1994). Generally, a principal “has no vicarious liability for the torts committed by the independent contractor or its employees in the performance of the contract.”
 
 Chisolm v. Miss. Dep’t. of Transp.,
 
 942 So.2d 136, 141 (¶ 7) (Miss.2006) (citing
 
 Heirs & Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist.,
 
 743 So.2d 311, 318 (¶ 36) (Miss.1999)). Furthermore, the Mississippi Tort Claims Act (MTCA) provides that governmental entities are immune to suits arising from the negligent acts of an independent contractor.
 
 Brown v. Delta Reg’l. Med. Ctr.,
 
 997 So.2d 195, 197 (¶ 11) (Miss.2008).
 

 ¶ 7. However, the Survivors argue that Attala County took on an independent duty in the Supplement to Traffic Control Plan, which states that Gardner is to “insure” that Ausbern adheres to the Traffic Control Plan. They contend that the County maintained control over the safety aspect of the work and, thus, is liable for the wrongful death of Hodges.
 

 ¶ 8. In granting summary judgment, the circuit court relied on
 
 Chisolm,
 
 942 So.2d 136, which involved a one-car accident caused by a vehicle striking a bolt lying on the road at a construction site. The construction was performed by a private company contracted through the Mississippi Department of Transportation (MDOT). The complainants claimed that MDOT was liable for the wrongful death of Priscilla Chisolm.
 
 Id.
 
 at 139 (¶2). Specifically, they asserted that MDOT was negligent per se as it had violated several provisions of the Manual on Uniform Traffic Control Devices (MUTCD), namely those which placed the responsibility for the placement and maintenance of traffic control devices with the governmental body.
 
 Id.
 
 at 142 (¶ 13). However, the supreme court found that the use of the MUTCD may be used as “a tool for assessing a breach of duty only after a legal duty has already been established. It cannot be used to create a legal obligation under Mississippi law.”
 
 Id.
 
 at 143 (¶ 15). Here, the circuit court held that Attala County had no legal duty as it was apparent from the contract, the Supplement, and Gardner’s affidavit, that
 
 *627
 
 Ausbern was responsible for “rectifying any noted deficiencies.”
 

 ¶ 9. The standardized contract language in
 
 Chisolm
 
 is very similar to the contract language in the present case. Section 105.10 of the contract in this case states:
 

 Duties of Inspector. Inspectors employed by the Board or Engineer will be authorized to inspect all work done and materials furnished.... The inspector will not be authorized to alter or waive the provisions of the contract or to issue instructions contrary to the plans and specifications, or to act as foreman for the Contractor.
 

 Section 107.10 of the contract also states that “[t]he Contractor shall provide, erect, and maintain all necessary barricades, suitable and sufficient lights, danger signals, signs and other traffic control devices[.]” It is undisputed that the standardized contract between Attala County and Ausbern placed the responsibility to maintain all traffic barriers and warnings on Ausbern. The Survivors assert that the circuit court’s analysis of
 
 Chisolm
 
 was incomplete as it failed to consider the supplemental language to the contract requiring Gardner “to
 
 insure
 
 the Contractor constructs, installs, and maintains the devices called for on the Traffic Control Plan.” (Emphasis added). To paraphrase language used by counsel for the Survivors before this Court, Attala County had a duty that “paralleled” that of Ausbern.
 

 ¶ 10. Reading Section 105.10 and the Supplement together, Section 105.10 explicitly states that the inspector is not to act as a foreman for the contractor. The Supplement says that Gardner is merely to “insure” that Ausbern maintains the traffic controls. There was no evidence that Gardner failed to carry out his duties outlined in the Supplement. Attala County conducted weekly inspections at the construction site, and according to the reports and Gardner’s affidavit, any problems with the construction signs/barricades were immediately reported to Ausbern. The additional oversight responsibilities imposed by the Supplement did not create a legal duty in Attala County to maintain the safety barriers.
 

 ¶ 11. Although we could find no Mississippi cases on point as to whether a general contractor obtains liability through the oversight of safety standards, other jurisdictions have addressed this issue. In
 
 Ross v. Dae Julie, Inc.,
 
 341 Ill.App.3d 1065, 275 Ill.Dec. 588, 793 N.E.2d 68, 72 (2003), the Appellate Court of Illinois held that “a general right to ensure that safety precautions are observed and that work is done in a safe manner will not impose liability on the general contractor unless the evidence shows that the general contractor retained control over the means and methods of the independent contractor’s work.” Determining if “a right to control has been retained depends on the parties’ contract, the parties’ conduct, and other relevant factors.”
 
 Phillips v. Kaiser Aluminum & Chem. Comp.,
 
 74 Wash.App. 741, 875 P.2d 1228, 1235 (1994). The mere exercise or retention of the “general right to recommend a safe manner for the independent contractor’s employees to perform their work is not enough to subject a premises owner to liability!)]”
 
 Koch Refining Co. v. Chapa,
 
 11 S.W.3d 153, 155 (Tex.1999) (citation omitted);
 
 see also La-Chance v. Michael Baker Corp.,
 
 869 A.2d 1054, 1058 (Pa.2005) (“mere supervision over the work of a subcontractor, up to and including the right to stop a project, is not control sufficient to impose liability”).
 

 ¶ 12. The following unpublished case is factually similar and very instructive to our analysis. In
 
 Jevons v. State,
 
 2003 WL 1986977, 116 Wash.App. 1056 (Wash.Ct.App.2003), an employee of an independent contractor sued the state’s de
 
 *628
 
 partment of transportation, claiming that since the department retained control over the project, it owed him a legal duty. In
 
 Jevons,
 
 the construction manual “provided guidance to the DOT inspectors but was not part of the contract.”
 
 Id.
 
 at *2. Language in the manual endowed the inspec-tores) with essentially the same responsibilities as the ones present here in the Supplement. The appellate court in
 
 Je-vons
 
 noted that:
 

 The manual instructs the inspectors that they are responsible
 
 to ensure
 
 that the contractor meets contract provisions and follows safety regulations. It also directs the inspectors to bring any issues, violations, or problems first to the contractor and, if that fails, to the appropriate regulatory agency. The DOT inspector followed this procedure when, following his near fall, he reported to the contractor and told the contractor to make sure that the rest of the deck was safe.
 

 Id.
 
 at ⅜3. (emphasis added). The appellate court concluded that the state did not owe a duty “simply because it retained the right to inspect for contract compliance.”
 
 Id.
 
 at *4. Accordingly, based on our review of the record and analysis of the issue, we find that Attala County had no additional duty imposed by the Supplement to the contract.
 
 [1]
 

 ¶ 13. The Mississippi Supreme Court has stated that, in some cases, it “can look beyond the contract to determine whether public policy requires recharacterization of the relationship to allow the injured party to recover.”
 
 Chisolm,
 
 942 So.2d at 142 (¶ 10). However, before doing so, it must be determined that the injured party be adversely affected and denied any adequate legal remedy.
 
 Id.
 
 (citing
 
 Richardson,
 
 631 So.2d at 150). Attala County represented to this Court at oral argument that the Survivors’ claim against Ausbern was still pending.
 

 ¶ 14. Furthermore, it would be unsound public policy to punish Attala County for including these additional safety measures in the Supplement. In
 
 LaChance,
 
 the Commonwealth Court of Pennsylvania found that the Pennsylvania Department of Transportation (PennDOT) did not exercise the necessary control over the work-site by including in its contract a provision retaining the right of inspection and the authority to suspend work. It went on to hold that:
 

 Ensuring that Baker[, the contractor,] performed in accordance with its contractual duties is not the same as guaranteeing the safety of [its] employees. Baker was compensated, in part, to complete the Flower Run Project in a safe manner. The evidence of PennDOT’s alleged control proffered by the Estate
 
 *629
 
 consisted principally of standard contract terms. Were we to draw the conclusion suggested by the Estate, we would make PennDOT liable for damages whenever the employee of any construction contractor is injured. This is not consistent with the notion that landowner liability for the negligence of the contractors it hires is exceptional, not routine.
 
 To find liability simply because PennDOT addresses the issue of safety in its construction contracts would only encourage PennDOT to disregard safety in its contracts. Sound public policy, however, dictates that PennDOT monitor the safety of its highway construction projects and continue to pay its contractors to conduct safe job sites.
 

 LaChance,
 
 869 A.2d at 1064 (emphasis added). We find no public-policy argument that would warrant the imposition of liability on Attala County.
 

 ¶ 15. Accordingly, we find that there was no genuine issue of material fact as to whether Attala County owed a duty or liability to warn of a dangerous condition and affirm the circuit court’s grant of summary judgment.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Further, in the event that any additional duty was imposed by the Supplement, Attala County’s fulfillment of that duty would be discretionary in nature and entitled to immunity under the MTCA. Specifically, the Act provides that government employees acting with their scope of employment are immune from suit "[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.” Miss.Code Ann. § 11 — 46—9(l)(d). A duty is considered to be discretionary if the agent of the governmental entity has to utilize his own discretion or judgment in performing said duty.
 
 Harris ex rel. Harris v. McCray,
 
 867 So.2d 188, 191 (¶ 12) (Miss.2003). This Court recently held, in
 
 Knight v. Mississippi Transportation Commission,
 
 10 So.3d 962, 970 (¶¶ 27-28) (Miss.Ct.App.2009), that "the duty to maintain highways and place warning signs” held by the Mississippi Transportation Commission was a discretionary one as it involved “policy considerations.” Even if At-tala County had a duty to "insure” the maintenance of the warning signs at the construction site, how it chose to fulfill that duty would be discretionary, and the County would be immune from liability.